IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN QUARLES,                                         :
                                                     :
                    Plaintiff,                       :  CIVIL NO. 3:CV-07-1905
                                                     :
            vs.                                      :  (JUDGE VANASKIE)
                                                     :
JOHN A. PALAKOVICH, et al.,                          :
                                                     :
                    Defendants.                      :


M E M O R A N D U M

_____Ian Quarles, an inmate currently confined at the State Correctional Institution at

Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights action on October 19, 2007,

pursuant to 42 U.S.C. § 1983.  Named as Defendants are the following officials and employees

at SCI-Smithfield: John Palakovich, Warden; Paul Smeal, Deputy Warden; Donald Reihart,

Maintenance Manager; Richard Heaster, Unit Manager; and Correctional Officers Mochgat,

Crum, Bigalow, and Workenger.  Also named as Defendants are "John Doe Members" of SCI-

Smithfield.  Plaintiff complains that his constitutional rights were violated when on October 12,

2005, part of the ceiling in one of the prison showers came down upon him, allegedly causing

injury to his head and back.  As relief Plaintiff seeks compensatory and punitive damages.  At

the time Plaintiff filed his complaint, he also submitted a motion for appointment of counsel

(Dkt. Entry 4).  Also pending is Defendants' motion to dismiss the complaint.  For the reasons

that follow, the motion for counsel will be denied without prejudice and the motion to dismiss will be denied.

I.     Background

Plaintiff alleges that on October 12, 2005, the ceiling of shower #5 on Unit F-B at SCI-Smithfield fell on him while he was taking a shower.  As a result, he claims to have suffered pain in his head, neck and back.  He continues to receive medication for pain in his lower back. Plaintiff states that he reported the incident to Defendant Workenger.  It is Plaintiff's belief that his injuries could have been prevented if the damaged ceiling had been repaired in response to earlier complaints from other inmates.  Plaintiff further states that although a work order to have the shower ceiling repaired was eventually submitted to the Maintenance Repair Department by Defendant Workenger on October 2, 2005, the sagging ceiling had still not been repaired by October 12, 2005, the date he was injured.

Plaintiff alleges that because Warden Palakovich, Deputy Warden Smeal and Unit Manager Heaster are legally responsible for the welfare of the inmates in their care at SCI-Smithfield, they have violated his constitutional rights.  He claims that all named Defendants had a duty to provide him with adequate care while in their custody and that they failed to promptly correct the unsafe condition which resulted in his injury.

II.     Motion for Appointment of Counsel

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Other pertinent factors pertinent to the determination as to whether counsel should be appointed are:

     1.  The plaintiff's ability to present his or her own case;

     2.  The difficulty of the particular legal issues;

     3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

5.  The extent to which a case is likely to turn on credibility determinations; and,

6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In moving for the appointment of counsel, Plaintiff argues that he cannot afford to hire an attorney, his imprisonment limits his ability to litigate this action, the issues in his case are complex, and a lawyer is better equipped to conduct cross-examination of witnesses at trial. (Dkt. Entry 4.)  It is clear, however, that the appointment of counsel at this juncture in the case is not warranted.  While Plaintiff may be in prison, he has thus far demonstrated that he is fully capable of litigating this matter.  The issues involved are straightforward, and Plaintiff's filings reveal that he is literate and able to prepare comprehensible filings that cite to pertinent case law.  It is further evident that he has no trouble communicating with the Court.  Because the case is still in the early stages, any concern on Plaintiff's part regarding trial preparation is premature.  At this point, the Court is unable to say that Plaintiff is unable to continue litigating this case on his own, without the assistance of counsel.  For these reasons, the motion for appointment of counsel will be denied without prejudice.  Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

III.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.   When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  As such, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 127 S.Ct. at 1969; see also Montville Twp. v. Woodmont Builders LLC, 244 Fed. Appx. 514, 517 (3d Cir. 2007).

A.    Statute of Limitations

The first argument raised by Defendants in the pending motion to dismiss is that the complaint is barred by the applicable statute of limitations.  In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the

appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd 101 F.3d 691 (3d Cir. 1996)(Table).  The statute of limitations for personal injury actions in Pennsylvania is two years.  42 Pa. Cons. Stat. Ann. § 5524; Hoppe v. SmithKline Beecham Corp., 437 F. Supp.2d 331, 335 (E.D. Pa. 2006).  Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 Action."  Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

Plaintiff had until October 12, 2007, two years from the date of the incident, within which to file his civil rights claim pursuant to 42 U.S.C. § 1983.  Defendants argue that because the instant complaint was not filed until October 19, 2007, Plaintiff's action is barred by the statute of limitations.  In advancing this argument, Defendants anticipate that Plaintiff will attempt to rely on the "prison mailbox rule" to circumvent the statute of limitations bar.  This rule was promulgated by the United States Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), and provides that the date a prisoner delivers his legal filing to prison authorities for mailing is

considered to be the date of the court filing.  See also Burns v. Morton, 134 F.3d 109, 112 (3dCir. 1998); Gilliam v. Holt, No. 07-CV-0359, 2008 WL 906479, at *6 (M.D. Pa. Mar. 31, 2008).  Plaintiff's complaint is dated October 11, 2007, one day prior to the expiration of the statute of limitations.  Defendants argue that this date is "extremely suspect" as there is no evidence the complaint was actually delivered to prison officials for mailing on that date.  Further, they contend that even if it was, Plaintiff was unreasonable to believe that the complaint would be posted by the prison on that date and received by this Court on the following day.

In responding to this argument, Plaintiff does raise the mailbox rule and submits a copy of a cash slip submitted to and signed by prison personnel dated October 11, 2007, verifying Plaintiff's request that postage be deducted from his inmate account on that date to pay for the cost of mailing an unspecified item to this Court.  (Dkt. Entry 20, Ex. 13.)   While Defendants reply that this cash slip does not identify what document was being mailed to the Court, the fact that the above-captioned matter is the only action Plaintiff has pending here certainly suggests that the cash slip was in reference to the complaint. Under these circumstances, it cannot be said that the complaint is plainly time-barred.

B.      Failure to state a constitutional claim

Defendants argue that Plaintiff at best states a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  While it is true that Plaintiff does use the terms of

7

"negligence" and "gross negligence" in his complaint, he also alleges that Defendants' actions were willful and demonstrated blatant disregard constituting deliberate indifference.  Because he alleges facts that suggest Defendants were advised of the sagging, damaged ceiling well before the incident, Plaintiff has stated a viable Eighth Amendment claim.

An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN QUARLES,                          :
                                      :
                Plaintiff,            :    CIVIL NO. 3:CV-07-1905
                                      :
         vs.                          :    (JUDGE VANASKIE)
                                      :
JOHN A. PALAKOVICH, et al.,           :
                                      :
                Defendants.           :

## O R D E R

_____NOW, THIS 29th DAY OF APRIL, 2008, in accordance with the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

     1.     Plaintiff's motion for appointment of counsel (Dkt. Entry 4) is denied without prejudice.

     2.     Defendants' motion to dismiss (Dkt. Entry 16) is denied.

     3.     Within twenty (20) days from the date of this Order, Defendants shall file their answer to the complaint.

     4.     Discovery in this case shall be completed within ninety (90) days from the date of this Order.  Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge