# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN QUARLES,** | : | **Civil No. 3:07-CV-1905** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN A. PALAKOVICH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.     Statement of Facts and of the Case.

This is a civil rights action brought by Ian Quarles, a state inmate. In his complaint, Quarles, who is proceeding *pro se*, has named a number of prison staff as Defendants, alleging that these staff violated his constitutional rights when they demonstrated deliberate indifference to his safety in connection with injuries suffered by Quarles on October 12, 2005, when part of the ceiling in the prison showers collapsed while he was using these facilities, allegedly causing him head and back injuries. This matter now comes before the Court on a Motion to Compel filed by Quarles which seeks further discovery responses from the defendants in this case. (Doc. 75.) This motion has been fully briefed by the parties, (Docs. 76,78, and 81), and is now ripe for resolution.

As described by the parties, the disputed discovery issue involves Quarles' request for copies of certain prison records. Quarles has been notified that these records either do not exist or are available for his examination, but consistent with Department of Corrections policies, has been informed that he must pay for copies of records he seeks in this civil litigation. Quarles resists this demand for payment, arguing that he lacks the funds to pay for copies of that which he seeks in discovery, and urges this Court to direct the Defendants to undertake the expense of making these copies.

For the reasons set forth below, Quarles' motion will be denied to the extent that it seeks to shift copying costs to the Defendants.

## II.  **Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Quarles' motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to the discovery requests propounded by Quarles. In this motion, Quarles seeks to review various prison records. In response, the Defendants note that they have made these records available

for Quarles' inspection. However, which respect to providing copies of these documents to Quarles, the Defendants note that typically when an inmate initiates a request for production of documents the Department of Corrections will provide the prisoner with a reasonable amount of time to examine and inspect the requested documents. The inmate may then review the documents and obtain copies of any documents at his expense; however, charges for the photocopies are made in accordance with the Department's policies and procedures.

Thus, we understand that the Defendants do not object to Quarles' access to these records they have identified as responsive to his discovery requests. Rather, they simply urge the Court to direct Quarles to comply with these prison procedures when requesting records, and oppose any effort to shift copying costs to the Defendants. We believe that compliance with the prison regulations is a fitting and proper procedure for Quarles to follow in securing access to these records. Indeed, in this regard we note that courts have frequently directed or encouraged inmates to comply with reasonable institutional procedures when securing copies of prison records for litigation purposes. See, e.g., Bull v. United States, 143 F.App'x 468 (3d. Cir. 2005); Daniels v. Kelchner, No. 05-1601, 2007 WL 2068631 (M.D. Pa. July 17, 2007). Therefore, with respect to this request, we agree that Quarles should comply the procedures prescribed by Department of Corrections policies.

As for Quarles' request that we order the Defendants to bear the costs of copying these records, we note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery, and have refused such requests. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (ED Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661

(S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Therefore, in light of this settled case law we do not believe that we can, or should, direct the Defendants to bear these costs, and this aspect of Quarles' motion must be denied.

## III.   Conclusion

Accordingly, this 9th day of June 2010, it is ORDERED that the Plaintiff's Motion to Compel, (Doc. 75), is DENIED, as follows: The Plaintiff is entitled to review the documents identified by the Defendants as responsive to his discovery requests, provided that he complies the procedures prescribed by Department of Corrections policies, but we will not direct the Defendants to bear the costs of copying these records and this aspect of Quarles' motion must be denied.

*S/Martin C. Carlson*
**United States Magistrate Judge**