IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN QUARLES, | : | |
|     Plaintiff, | : | No. 3:07-cv-1905 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN JOHN A. PALAKOVICH, | : | (Magistrate Judge Carlson) |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Martin Carlson addressing the parties' cross-motions for summary judgment, (Doc. No. 102), and the objections of Defendants Bigalow, Crum, Heaster, Moschgat, and Workenger. (Doc. No. 103.) The Court will adopt the recommendation in full, but will write briefly to address Defendants' objections.[1]

This case concerns a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the State Correctional Institution at Smithfield, Pennsylvania, where Defendants were employed. Plaintiff claims that on October 12, 2005, a portion of the drywall ceiling in the prison shower fell down on him and caused injury to his head and back. Plaintiff contends that Defendants were aware of the shower cell ceiling's deterioration but that they continued to use the shower cell for prisoners until it collapsed and caused Plaintiff's injury.

The factual details and legal standards governing this case are comprehensively set forth

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject or modify the R & R, the Court is to make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

in Judge Carlson's report and need not be reproduced here. In his report, Judge Carlson recommends that summary judgment be granted in favor of Defendants Palakovich, Smeal, and Reihart but be denied to the remaining Defendants. In denying summary judgment, Judge Carlson finds that pursuant to the Eighth Amendment deliberate indifference standard, there is a genuine issue of material fact over whether the remaining Defendants had subjective knowledge of the condition of the shower cell ceiling at the time of its collapse.[2]

Defendants contend that Judge Carlson erred in finding a genuine issue of material fact over the subjective element of the deliberate indifference standard. Specifically, Defendants assert:

> Viewing the material facts of this case in the light most favorable to the plaintiff, it is apparent that he cannot meet the subjective element of the deliberate indifference standard. Even assuming *arguendo* that plaintiff is able to prove that he suffered an injury as a result of the drywall falling upon him, he cannot point to evidence demonstrating that the objecting defendants were actually aware of a risk of harm to plaintiff and they chose to ignore that risk. This absence of proof on a critical element of his claim, and upon which he would have the burden of proof at trial, renders all other facts immaterial.

---

[2] As stated in the report, when advancing this Eighth Amendment claim against prison officials, a plaintiff must:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer–the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

(Doc. No. 104 at 5 (citation omitted).) As a result, Defendants contend that Plaintiff's allegations do not "cross the line from negligence into deliberate indifference." (Id.)

This line of argument by Defendants is directly addressed by Judge Carlson in his report.[3] Disagreeing with Defendants, Judge Carlson concludes that "[o]n the present factual record . . . there are unresolved questions concerning the state of knowledge of the remaining corrections Defendants regarding the condition of this shower cell ceiling at the time of the ceiling collapse which preclude summary judgment at this time." (Doc. No. 102 at 19-20.) Specifically, Judge Carlson points to Plaintiff's contention that he personally observed[4] the individually-named Defendants inspecting the sagging ceiling in the shower cell. As a result, Judge Carlson concludes that Plaintiff's statement "creates a factual issue regarding the subjective knowledge of unit staff regarding this dangerous condition, a factual issue that may well turn on credibility determinations and falls outside the province of a summary judgment motion." (Id. at 20.)

Therefore, by continuing to assert that Plaintiff relies only on "John Does" who "must have been aware through inmates or their personal observation" of the condition of the shower cell, (see Doc. No. 104 at 6), Defendants fail to recognize Plaintiff's contention that he

---

[3] Indeed, the argument in Defendants' objection is lifted verbatim from Defendants' brief in support of their motion for summary judgment. (See Doc. No. 84 at 4.)

[4] Judge Carlson concludes that Plaintiff has alleged that he personally saw Defendants observing the deteriorating condition of the shower cell. Judge Carlson bases this conclusion on the statement in Plaintiff's brief in response to the summary judgment motion that "the defendants, except [Warden] John A. Palakovich, [Deputy Warden] Paul K. Smeal, and [facilities manager] Donald Reihart, *were personally observed* entering shower #5 on unit F for various inspections in the months of August-October 2005." (See Doc. No. 86 at 8 (emphasis added).) Judge Carlson construed this as a "factual representation by [Plaintiff] that he personally observed these Defendants inspecting the sagging ceiling in shower cell #5." (Doc. No. 102 at 20.) Defendants have not provided the Court with any evidence or legal argument to disturb this construction by Judge Carlson.

3

personally saw the named Defendants observing the condition of the shower cell. As stated by Judge Carlson, this statement of personal knowledge "creates a factual issue regarding the subjective knowledge of unit staff regarding this dangerous condition . . . ." (Doc. No. 102 at 20.)

**AND NOW**, on this 10th day of August 2010, upon consideration of Magistrate Judge Carlson's Report and Recommendation and Defendants' objections, it is **HEREBY ORDERED THAT** the report is adopted in full. Accordingly, summary judgment is granted in favor of Defendants Palakovich, Smeal, and Reihart but denied as to the remaining Defendants. Plaintiff's motion for summary judgment is **DENIED**. It is **FURTHER ORDERED** that the case be **REMANDED** to Judge Carlson for further pre-trial management.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania