# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN QUARLES,** | : | **Civil No. 3:07-CV-1905** |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN A. PALAKOVICH, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case.

This is a civil rights action brought by Ian Quarles, a state inmate. In his complaint, Quarles, who is proceeding *pro se*, has named a number of prison staff as Defendants, alleging that these staff violated his constitutional rights by demonstrating deliberate indifference to his safety in connection with injuries suffered by Quarles on October 12, 2005, when part of the ceiling in the prison showers collapsed while he was using these facilities, allegedly causing him head and back injuries.

This matter now comes before the Court on a Motion to Compel filed by Quarles on August 10, 2010, which seeks further discovery responses from the Defendants in this case. (Doc. 106.) The Defendants have responded to this motion by arguing that the discovery requests which Quarles seeks to compel responses to

are themselves untimely, having been submitted by the Plaintiff in July of 2010, nearly ten months after the discovery deadline lapsed in this matter. This motion has been fully briefed by the parties, (Docs. 107, 108, 111, 113), and is now ripe for resolution.

The issues raised by the parties relate to the timeliness of discovery requests, and the completeness of responses to those requests. Since the resolution of these competing claims turns on the threshold issue of whether Quarles' discovery requests are timely, it is necessary to briefly review the discovery history of this case.

Discovery proceedings in this case have spanned the past two years and began on July 3, 2008, when Quarles served interrogatories and requests for production of documents upon defense counsel. While this timely discovery request was pending, the Defendants sought, and obtained a stay of proceedings pursuant to the Service Members Civil Relief Act, 50 U.S.C. §§ 522, 525. (Doc. 45.) Despite the entry of this stay, the Defendants served Quarles with responses to his interrogatories and requests for production of documents on November 6, 2008. (*See* Exhibits appended to Doc. 63).

This stay of proceedings was lifted by the district court, Vanaskie, J., on February 20, 2009. (Doc. 59). Four months later, on June 17, 2009, the Court directed that all discovery was to be completed within ninety days, or by September 15, 2009.

(Doc. 65). On July 7, 2009, the Court further narrowed discovery disputes in this case when ruled on a motion to compel filed by Quarles and it directed the Defendants to provide responses to Plaintiff's requests for admissions, if they had not already done so. In fact, the Defendants had fulfilled their discovery obligations and had served responses to the requests for admissions on Quarles in November 2008. In all other respects, the district court rejected Quarles' request to compel further discovery from the Defendants. (Doc. 67.)

In the summer of 2009 the Court took several other steps to add clarity to the discovery process. For example, on July 14, 2009, in response to a request for clarification from Plaintiff, the Court advised Quarles that its prior discovery orders did not grant him leave to serve discovery requests in excess of the limits under the Federal Rules of Civil Procedure. (Doc. 69). On August 11, 2009, Plaintiff filed a motion for leave to submit additional interrogatories, requests for admissions and requests for production of documents exceeding the limits under the Federal Rules. (Doc. 71.) The district court then denied this motion for leave to serve additional discovery requests on February 1, 2010. (Doc. 97). In addition, on September 17, 2009, Quarles filed a second motion to compel discovery.(Doc. 75.) On June 9, 2010, the Court denied Quarles' second motion to compel discovery, directing him instead to comply with the Department of Corrections' procedures for inmate review of

documents if he wished to review documents that had been identified as responsive to his July 2008 discovery requests. (Doc. 100).

Thus, by the summer of 2010, the discovery deadline in this matter had lapsed, with discovery closing in September 2009. Moreover, Quarles' efforts to expand the scope of discovery had been rejected by the Court which had denied Quarles' requests to propound discovery in excess of that permitted by the rules. Furthermore, the Court had twice rejected efforts by Quarles to compel further discovery disclosures through various motions to compel.

Notwithstanding these rulings, on July 8, 2010, some ten months after the discovery deadline in this case had passed, Quarles served another request for production of documents upon defense counsel. That request sought production of the following: "1) housing unit logs from August—October 2005; 2) depositions taken from plaintiff [sic]; 3) still photos; 4) extraordinary incident occurrence reports…by all staff members; and 5) adverse material evidence against me….[sic]." (Doc.111, Ex. B.) Quarles was then informed by defense counsel that his July 8, 2010 discovery request was untimely and would not be responded to since the discovery period had expired in September, 2009.

This motion to compel then followed.

For the reasons set forth below, Quarles' motion will be denied since the motion seeks to compel answers to untimely discovery demands.

**II.    Discussion**

Quarles' motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority to regulate discovery in this case. Issues relating to the scope and timing of discovery permitted under the Rules rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. One essential attribute of the court's discretion in this field is that the court may, and indeed must, set schedules for the completion of discovery. When a party fails to abide by those schedules the court has the right, and the duty, to impose sanctions for that failure. Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands. Thus, where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming

denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.Appp'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same). As the court of appeals has noted in rebuffing a similar effort by a tardy prisoner-litigant to compel responses to belated discovery:

> [W]e discern no abuse of discretion with respect to [the inmate-plaintiff's] discovery and trial preparation issues. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir.1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery"). [The inmate-plaintiff] filed a motion to compel discovery after the [defendant] informed him that it would not respond to his second set of interrogatories, which were served approximately one year after the expiration of the court-ordered discovery period. The record confirms the District Court's conclusion that [the inmate-plaintiff] failed to seek leave of court to extend the discovery period, and that the interrogatories bore "no relationship to the responses provided to the first set of interrogatories" or to the information required to be produced by a prior discovery order.

Oriakhi, 165 F.App' x. at 994.

In this case, we find that the discovery demands which are the subject of Quarles' motion to compel were propounded in July of 2010, almost ten months after discovery closed in this case. Quarles propounded these discovery demands long after the discovery deadline had passed, and well after his requests to expand and extend discovery had been denied by the district court. The discovery requests that are the subject of this motion to compel are materially different from those which were

6

timely submitted by Quarles in 2008, and were responded to by the Defendants in 2008 and 2009. Therefore, Quarles' efforts to compel responses to the current untimely discovery demands by referring to his earlier, timely and different discovery requests are unpersuasive and unavailing.

In short, since Quarles' discovery demands are untimely, and are unrelated to his original, timely discovery requests, the proper exercise of our discretion in this field calls for us to deny this motion to compel. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.Appp'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same).

### III. Conclusion

Accordingly, this 16th day of September, 2010, it is ORDERED that the Plaintiff's third motion to compel, (Doc. 106), is DENIED.

*S/Martin C. Carlson*
**United States Magistrate Judge**