# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN QUARLES,** | : | Civil No. 3:07-CV-1905 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WARDEN JOHN A. PALAKOVICH, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I. Case Status

This is a *pro se* inmate civil rights action. The current status of this case is as follows:

The Plaintiff, Ian Quarles, is a state inmate housed at the State Correctional Institution, Smithfield. In the summer of 2005 Quarles was assigned to F-block at SCI Smithfield. While in F-block, Quarles used shower cell #5 on F-block. According to Quarles, from the time he first began using this facility in July, 2005, he and other inmates observed that the ceiling in shower cell #5 sagged severely. (Docs. 1, 83-3.) Although Quarles acknowledges that he never complained to staff about the condition of the shower ceiling, (Doc. 83-3, p.32a), Quarles contends that other inmates notified staff on F-block of the deteriorating condition of the shower cell ceiling. ( Doc. 1. )

Quarles also asserts that numerous prison staff were personally observed by him inspecting the sagging ceiling from August through October, 2005. (Doc. 86.) Despite the fact that corrections officials were allegedly aware that the cell ceiling was sagging, prison staff continued to use shower cell #5 for inmates up through October 12, 2005. On October 12, 2005, Quarles was using this shower cell when the sagging ceiling collapsed, striking him and causing injuries to his head and back. (Doc. 1, ¶¶15-25.)

On October 19, 2007, Quarles filed a complaint in federal court arising out of this shower cell ceiling collapse incident. (Doc. 1) In his complaint, Quarles named the warden, deputy warden, prison facility manager, unit manager and four correctional officers as Defendants. (Id.). Liberally construed, Quarles' complaint alleges that these Defendants violated his constitutional rights under the Eighth Amendment by exposing him to a foreseeably dangerous physical condition, the sagging shower cell ceiling. (Id.)

On November 10, 2009, the Defendants moved for summary judgment on Quarles' constitutional claims. (Docs. 83,84.) On June 22, 2010, we issued a report and recommendation which recommended that summary judgment be granted as to Defendants John A. Palakovich, Paul K. Smeal, and Donald Reihart. As to the remaining Defendants, we recommend that the Defendants' motion for summary

judgment be denied since there are disputed material issues of fact in this case which preclude summary judgment for these Defendants. (Doc. 102.) The district court adopted this recommendation on August 10, 2010, and remanded the case to this Court for further pre-trial management. (Doc. 110.)

We then conducted further pre-trial proceedings, resolving any remaining discovery disputes in this case. (Doc. 115.) Following the resolution of this discovery motion, and the close of the discovery deadline, the undersigned contacted the parties and notified them as follows:

> At this stage of the proceedings, there appear to be two matters that must be resolved before this matter may be tried: (1) setting the matter on the Court's trial calendar, and scheduling related pre-trial deadlines; and (2) ruling upon Plaintiff's pending motion for the appointment of counsel to assist him at trial (Doc 117). The undersigned is unable to set a trial schedule for the district court, and it would be imprudent to rule upon Plaintiff's pending motion for the appointment of counsel – and to undertake an effort to identify counsel willing to represent Plaintiff in this matter – unless the parties first consent to try this action before a magistrate judge. Although it appears to the undersigned that appointment of counsel may now be warranted in this action, we will reserve a ruling upon Plaintiff's pending motion until the parties advise the Court whether they will agree to proceed before a magistrate judge. In the event that the parties consent to try this action before a magistrate judge, we would at that time be prepared to rule without delay on the pending motion for the appointment of counsel, and to set the matter promptly for trial on a date convenient for the court and the parties.

(Doc. 118.)

The Plaintiff has now reported that he wishes to have this matter scheduled for trial by the district court. (Doc. 119.)

## II. Recommendation

The discovery period in this case has closed. The time for filing dispositive motions has passed, and all dispositive motions have been fully resolved. With the exception of a motion by the Plaintiff for appointment of trial counsel (Doc. 117), as to which we have previously opined that it would be it would be "imprudent [for the magistrate judge] to rule upon Plaintiff's pending motion for the appointment of counsel" if we were not assigned to try the case, no other motions are pending[1]. Accordingly, IT IS RECOMMENDED that the case be listed for trial at the convenience of the district court.

> The parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

---

[1] While we felt that it was appropriate in the first instance to defer to the district court on this motion which may affect the conduct of any trial, if the district court wishes, we are prepared to rule on, and resolve, this final pretrial motion.

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions

Submitted this 18th day of October, 2010.

                                            ***S/Martin C. Carlson***
                                            Martin C. Carlson
                                            United States Magistrate Judge