IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN QUARLES, | : | |
|     Plaintiff | : | No. 3:07-cv-1905 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN JOHN A. PALAKOVICH, | : | (Magistrate Judge Carlson) |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently pending before the Court is the report and recommendation of Magistrate Judge Martin Carlson recommending that the above-captioned case be listed for trial. (Doc. No. 120.) The report indicates that all pretrial motions, with the exception of Plaintiff's motion for appointment of counsel, have been resolved. The Court will adopt the recommendation, but will write briefly to take up Plaintiff's motion for appointment of counsel. (See Doc. No. 117.)

A district court has discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Such factors include: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses.

1

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57). This list of factors is not exhaustive. Tabron, 6 F.3d at 157. For example, a court should also consider its own willingness to aid the indigent party in presenting his or her case by explaining court procedures. See Gordon v. Gonzalez, 232 F. App'x 153, 156 n.4 (3d Cir. 2007).

The present case concerns a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the State Correctional Institution at Smithfield, Pennsylvania, where Defendants were employed. Proceeding in forma pauperis, Plaintiff claims that on October 12, 2005, a portion of the drywall ceiling in the prison shower fell down on him and caused injury to his head and back. Plaintiff contends that Defendants were aware of the shower cell ceiling's deterioration but that they continued to use the shower cell for prisoners until it collapsed and caused Plaintiff's injury.

Plaintiff's claims have arguable merit, as they have already made it through summary judgment. Upon consideration of the record and Plaintiff's motion, the Court will appoint counsel to represent Plaintiff upon the condition that counsel willing to represent Plaintiff can be found. The Third Circuit has recognized "that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment." Tabron, 6 F.3d at 157. Civil litigants have neither a constitutional nor a statutory right to appointed counsel, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), and while the Court will seek to appoint counsel, the Court does not have authority to compel counsel to accept this case.

Accordingly, Plaintiff is advised that the Court will attempt to appoint counsel; however, if the Court is unable to find counsel willing to represent Plaintiff, Plaintiff will be required to proceed in this case without the benefit of counsel. Additionally, Plaintiff should make

independent efforts to secure representation in the event that the Court is unable to find counsel willing to represent Plaintiff.

**AND NOW**, on this 12th day of November 2010, upon consideration of Magistrate Judge Carlson's Report and Recommendation, it is **HEREBY ORDERED THAT** the report is adopted. The Court will schedule a telephone conference to set a date for trial after it becomes clear whether counsel can be found to represent Plaintiff.

It is **FURTHER ORDERED THAT** the Court will **CONDITIONALLY APPOINT** counsel for Plaintiff in the above-captioned matter. The Clerk of Court is directed to forward a copy of: this order, the complaint (Doc. No. 1), the answer (Doc. No. 29), and a summary of the docket to the Chair of the Federal Bar Association's Pro Bono Committee, Stephen M. Greecher, to select or effect the selection of a member of the Bar Association to represent Plaintiff in this matter. If counsel cannot be found to represent Plaintiff by January 14, 2011, this conditional order for appointment of counsel will be revoked.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania