**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IAN QUARLES,** | : | |
| **Plaintiff** | : | **No. 3:07-cv-1905** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **WARDEN JOHN A. PALAKOVICH,** | : | **(Magistrate Judge Carlson)** |
| **et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently pending before the Court is Plaintiff Ian Quarles's motion to amend his complaint. (Doc. No. 145.) For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

This case concerns a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the State Correctional Institution at Smithfield, Pennsylvania (S.C.I.), where Defendants were employed. Plaintiff claims that on October 12, 2005, a portion of the drywall ceiling in the prison shower fell down on him and caused injury to his head and back. Plaintiff contends that Defendants were aware of the shower cell ceiling's deterioration, but that they continued to use the shower cell for prisoners until it collapsed and caused Plaintiff's injury. Plaintiff claims that Defendants' failure to protect him from the shower ceiling violated his Eighth Amendment rights. In his complaint, Plaintiff names the warden of the S.C.I., the deputy warden, the facility manager, the unit manager, three corrections officers (CO), and unnamed John Doe defendants. (Doc. No. 1 ¶¶ 4-12.) The complaint alleges that the John Doe defendants "are staff members at the S.C.I. [who are] responsible for the care, custody and control of inmates, as well as the normal operation of [the] facility and its units, [and] were part

of the inspection team that inspected the unit in the month of September 2005." (Id. ¶ 12.)

On June 24, 2011, after the discovery deadline was extended twice, Defendants took the deposition of inmate Kenneth Lunan, who provided testimony regarding the alleged shower incident. (Doc. No. 147-2.) In the deposition, Lunan implicated CO Whiting and CO Noland in the incident, stating that CO Whiting instructed CO Crum to place a sign at the shower indicating that the shower was closed, and that CO Noland took down the sign the next morning. (Id. at 8-10.)

On June 27, 2011, the Court extended the discovery deadline to July 19, 2011, and placed the case on the October trial list. (Doc. No. 143.) On August 10, 2011, Plaintiff filed a motion to amend his complaint to add CO Whiting and CO Noland as defendants, and add four new paragraphs to the complaint, alleging that CO Whiting instructed CO Crum to post a sign closing the shower, and that CO Noland removed the sign. (Doc. No. 145.) The motion seeks to substitute CO Whiting and CO Noland as defendants for the John Doe defendants. (Doc. No. 146 at 3.) On September 15, 2011, the Court continued the trial, and placed it on the November trial list. (Doc. No. 149.)

## II. DISCUSSION

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days of serving it, within 21 days after service of a responsive pleading, or within 21 days of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party seeking to amend its pleading may only do so with the opposing party's written consent, or leave of court, and courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant or deny the motion is within the district court's

discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). An amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Riley v. Taylor, 62 F.3d 86, 92 (3d Cir. 1995) (quoting Jablonski v. Pan. Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).

Section 1983 claims are subject to state statutes of limitations, and "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." Garvin v. Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003). Plaintiff does not dispute that, in this matter, the statute of limitations has expired, and that in order to add CO Whiting and CO Noland as defendants, the amendment must relate back to the filing of the original complaint. (Doc. No. 146 at 3.)

When a plaintiff seeks to amend his complaint to replace the name John Doe with a party's real name, this "amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied." Garvin, 354 F.3d at 220. Under the rule, a plaintiff seeking to have a complaint "relate back" must show that:

> (1) the claim or defense set forth in the amended [complaint] arose out of the conduct, transaction or occurrence set forth in the original [complaint]; (2) within [120 days following the filing of the complaint], the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

Id. (citing Fed. R. Civ. P. 15(c), 4(m); Singletary v. Pa. Dep't of Corrs., 266 F.3d 186, 194 (3d Cir. 2001)).

Plaintiff argues that: (1) the proposed amendment to the complaint, adding CO Whiting and CO Noland to the action, involves the same conduct and occurrence set out in the original complaint; (2) CO Whiting and CO Noland had imputed notice of the institution of the action, based on either an identity of interest theory or a shared attorney theory; and (3) CO Whiting and CO Noland knew or should have known that, but for a mistake concerning the identity of a proper party, the action would have been brought against them. (Doc. No. 146 at 4-6.) As to this third condition, Plaintiff argues that if CO Whiting and CO Noland knew of the filing of the complaint, then they would have known, or should have known, that they were among the unnamed John Doe defendants, since they played a role in the case. (Id. at 5.) Defendants argue that, even if Plaintiff can satisfy the first of these three conditions, "he fails to put forward any evidence establishing the last two elements, and thus the proposed amendments are barred by the two year statute of limitations." (Doc. No. 147 at 5.)

With respect to CO Whiting and CO Noland's notice of the initiation of this action within 120 days of the filing of the initial complaint, Plaintiff does not argue that CO Whiting and CO Noland had actual notice of the action; rather, he argues that they had imputed knowledge. In Singletary, the United States Court of Appeals for the Third Circuit explained that there are two possible methods by which the district courts can impute notice under Rule 15(c)(3) – the "shared attorney" method and the "identity of interest" method. 266 F.3d at 196-97; Garvin, 354 F.3d at 222-23. Under the "shared attorney" method, notice of the initiation of an action can be imputed on an unnamed defendant where "the originally named party and the parties sought to

be added are represented by the same attorney." Garvin, 354 F.3d at 222-23 (citing Singletary, 266 F.3d at 196). The rule is based on the theory that "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. The "identity of interest" method imputes notice where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. at 197.

Plaintiff argues that "CO Whiting and CO Noland share the attorneys of the Attorney General's Office who are defending this case with the originally named Defendants." (Doc. No. 146 at 4.) Therefore, Plaintiff argues that notice can be imputed through the "shared attorney" method. (Id.) However, the Attorney General's Office has not appeared on behalf of the unnamed John Doe defendants or on behalf of CO Whiting or CO Noland, and Plaintiff offers no evidence as to the Attorney General's Office alleged representation of CO Whiting or CO Noland. Thus, notice of the initiation of this action cannot be imputed through the "shared attorney" method. See Garvin, 354 F.3d at 226-27 (declining to impute notice on public employees with a right of government representation where City Solicitor did not appear on behalf of unnamed John Doe defendants); Singletary, 226 F.3d at 196-97 (declining to impute notice where named defendants and individuals sought to be added were represented by different attorneys in the same office).

Plaintiff also argues that CO Whiting and CO Noland have imputed notice of the action through a shared identity of interest with the originally named Defendants. (Doc. No. 146 at 5.) Plaintiffs allege that the originally named Defendants, like CO Whiting and CO Noland, are former or current corrections officers on Unit F of the S.C.I., on the "same general level of the

hierarchy within the institution." However, the Third Circuit held, in Singletary, that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." 266 F.3d at 200; see also Garvin, 354 F.3d at 227 (police officers sought to be added to action are non-managerial employees and thus did not share a sufficient nexus of interest with their employer). As Plaintiff provides no evidence that CO Whiting or CO Noland were in management positions, or that "other circumstances . . . permit the inference that notice was actually received," the Court cannot impute notice on CO Whiting or CO Noland through the "identity of interest" method. See Singletary, 266 F.3d at 200.

Because Plaintiff seeks to replace unnamed John Doe defendants with other individuals, this amounts to the changing of a party to which Rule 15(c) is applicable. Plaintiff cannot satisfy the notice element of Rule 15(c), and thus the amended complaint will not relate back, and the statute of limitations precludes claims against CO Whiting and CO Noland. Accordingly, to the extent Plaintiff seeks to substitute CO Whiting and CO Noland as defendants for the John Doe defendants, the Court must deny his motion to amend.

Plaintiff also seeks to add four paragraphs regarding the posting and removal of a sign related to the shower in question. (Doc. No. 146 at 6.) Allowing this amendment would result in additional discovery, cost, and preparation. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). Trial in this matter is scheduled for November, and the motion to amend was made after the close of discovery. See Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1202-03 (3d Cir. 1989) (amendment seeking addition of new claim four days before close of

discovery and one month before trial is unduly prejudicial to defendant). The addition of these four paragraphs, on the eve of trial and after the close of discovery, would be unduly prejudicial to Defendants, and thus the Court will not grant leave to amend the complaint.

## III. CONCLUSION

For the reasons set forth above, the motion to amend will be denied.[1] An order consistent with this memorandum follows.

---

[1] The Court also notes that Plaintiff's motion does not comply with Local Rule 15.1. Rule 15.1 provides, "When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself," and that the amendments should be highlighted, with stricken material lined through, and new material underlined or set forth in bold-faced type. Failure to comply with this rule alone provides a sufficient basis to deny Plaintiff's motion to amend.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IAN QUARLES,** | : | |
| **Plaintiff** | : | **No. 3:07-cv-1905** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **WARDEN JOHN A. PALAKOVICH,** | : | **(Magistrate Judge Carlson)** |
| **et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 24th day of October, 2011, upon consideration of Plaintiff's motion to amend the complaint, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion to amend (Doc. No. 145) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania